### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLINE BUCCI, on behalf of herself and all others similarly situated, | Civil Case No.: |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NETWORK RECOVERY SERVICES, INC., | |
| Defendant(s). | |

Plaintiff, CAROLINE BUCCI, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, NETWORK RECOVERY SERVICES, INC. ("NETWORK RECOVERY"), and John Does 1-25 their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of New York, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      NETWORK RECOVERY maintains a location at 100 Jericho Quadrangle, Suite 202, Jericho, New York 11753.

8.      Upon information and belief, NETWORK RECOVERY uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.      NETWORK RECOVERY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York

consumers and their successors in interest (the "Class"), who were subject to collection attempts which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who NETWORK RECOVERY attempted to collect a debt from which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form of conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a. Whether the Defendants violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without

remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to November 19, 2021, Plaintiff allegedly incurred a financial obligation to NEW YORK PRESBYTERIAN/LOWER MANHATTAN ("NEW YORK PRESBYTERIAN").

16. The NEW YORK PRESBYTERIAN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The NEW YORK PRESBYTERIAN obligation did not arise out of a business transaction.

18. The NEW YORK PRESBYTERIAN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. NEW YORK PRESBYTERIAN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. Sometime prior to November 19, 2021, NEW YORK PRESBYTERIAN, either directly or through intermediate transactions assigned, placed, or transferred the NEW YORK PRESBYTERIAN obligation to NETWORK RECOVERY for the purpose of collection.

21.    At the time NEW YORK PRESBYTERIAN placed or transferred the NEW YORK PRESBYTERIAN obligation to NETWORK RECOVERY, the obligation was past due.

22.    At the time NEW YORK PRESBYTERIAN placed or transferred the NEW YORK PRESBYTERIAN obligation to NETWORK RECOVERY, the obligation was in default.

23.    NETWORK RECOVERY caused to be delivered to Plaintiff a letter dated November 19, 2021, concerning the alleged NEW YORK PRESBYTERIAN obligation.  A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

24.    The November 19, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25.    The November 19, 2021 was the initial written communication that Plaintiff received from NETWORK RECOVERY.

26.    No other written communication was received by Plaintiff from NETWORK RECOVERY within five days of the November 19, 2021 letter.

27.    Upon receipt, Plaintiff read the November 19, 2021 letter.

28.    The November 19, 2021 letter stated in part:

DEMAND FOR PAYMENT

Our above referenced client, the creditor of your past due account, has referred your past due account to our agency for collection.  Your account is listed as delinquent with a balance due in the amount of $2122.14.  It is important that you make payment in full.

If your account has already been paid, please provide us with proof of payment.  Please send a copy of your cancelled check, money order receipt, payment receipt or copy of the explanation of benefits provided by your insurance carrier to the address at the top of this letter.

If your account has not been paid you may send your check or money order or pay by using one of the Credit Cards indicated below.  If you have (had) valid insurance for the dates of service that you believe covers these charges, please complete the insurance information section on the reverse side of the return portion of this notice.  Please detach the bottom portion of this notice and forward it with your payment or correspondence in the envelope provided.

Although we have requested that you make payment, or provide proof of payment if payment has been made, you still have a right to obtain more information about this debt or dispute this debt, either orally by calling your Account Representative at 516-240-6607, or by writing to Network Recovery Services, Inc at the address listed on the top of this letter. YOUR RIGHTS ARE DESCRIBED ON THE REVERSE SIDE OF THIS NOTICE.

29.     The November 19, 2021 letter advised Plaintiff to complete the "insurance information section" on the reverse side of the return portion of this notice.

30.     The November 19, 2021 letter also advised Plaintiff that:

YOUR RIGHTS ARE DESCRIBED ON THE REVERSE SIDE OF THIS NOTICE.

31.     On the reverse side of the November 19, 2021 letter, it stated in part;

> If you do not dispute the validity of the debt, or any portion thereof, either orally or in writing, within thirty days after you receive this notice we will assume this to be a valid debt owed by you.

32.     The November 19, 2021 letter does not comply with Plaintiff's "rights" under the FDCPA.  15 U.S.C. § 1692g(a)(3) does not allow a debt collector to assume that the debt is owed by the Plaintiff if the Plaintiff did not dispute the debt within the 30-day period.

33.     15 U.S.C. § 1692g(a)(3) only allows a debt collector to assume that the debt is valid if the Plaintiff did not dispute the debt within the 30-day period.

34.     The NEW YORK PRESBYTERIAN obligation can be valid but not legally owed by Plaintiff.

35.     It is possible that the NEW YORK PRESBYTERIAN obligation was owed by an insurance company, could be the subject of a Worker's Compensation claim or that the health care provider was barred from recovery of the debt due to its actions or inactions.

36.    At the bottom of the reverse side of the November 19, 2021 letter is what Defendant referred to as the "insurance information section":

## INSURANCE INFORMATION

| PATIENT'S NAME | | DATE OF BIRTH | | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| BLUE CROSS/BLUE SHIELD ID NO. | | SUFFIX | | YOUR TELEPHONE NUMBER |
| INSURANCE COMPANY NAME & ADDRESS (INCLUDE SIGNED CLAIM FORM) | | | | |
| POLICY NUMBER | POLICYHOLDER'S NAME | | RELATION TO PATIENT | POLICYHOLDER'S DATE OF BIRTH |
| NAME, ADDRESS AND TELEPHONE NUMBER OF INSURED'S EMPLOYER | | | | |
| MEDICAID ID NUMBER | | MEDICARE ID NUMBER | | SUFFIX |

37.    Plaintiff was led to believe that it was important to provide Defendant with the requested information about her insurance.

38.    Among other requests for information, the "insurance information section" requests that Plaintiff provide Defendant with the name, address and telephone number of the insured's employer.  This information is not required to submit a claim to insurance.

39.    This request for employer information runs afoul of the protections afforded to Plaintiff by 15 U.S.C. § 1692e(11).  The notices required by 15 U.S.C. § 1692e(11) of the FDCPA were on the front of the November 19, 2021 letter not adjacent to the request for additional information.

40.    Defendant intended to use any information provided by Plaintiff in aid of its collection attempts.

41.    Defendant made its request for employer information under the guise of being required information that Plaintiff should provide in order for a claim to be submitted to insurance.

42.    NETWORK RECOVERY knew or should have known that its actions violated the FDCPA.

43.    NETWORK RECOVERY could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44.    It is Defendants' policy and practice to violate the FDCPA, by *inter alia*:

   (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b)    Overshadowing and/or contradicting the notices required by the FDCPA; and

   (c)    Failing to properly provide the notices required to be provided by the FDCPA.

45.    On information and belief, there are at least 40 natural persons in the state of New York with one year of this Complaint who were subject to the conduct complained of herein.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

46.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47.    Collection letters and/or notices, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48.    As described herein, Defendant violated 15 U.S.C. §1692e.

49.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

50.    As described herein, Defendant violated 15 U.S.C. §1692e(10).

51.    As described herein, Defendant violated 15 U.S.C. §1692e(11).

52.    As described herein, Defendant violated 15 U.S.C. §1692g(a)(3).

53.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

54.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

55.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

56.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

57.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

58.    Plaintiff has suffered damages and other harm as a direct result of the Defendant's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest;

       (f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

       (g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: February 1, 2022

                        *s/ Joseph K. Jones*
                        Joseph K. Jones, Esq.
                        JONES, WOLF & KAPASI, LLC
                        One Grand Central Plaza
                        60 East 42nd. Street, 46th Floor
                        New York, NY 10165
                        (646) 459-7971 telephone
                        (646) 459-7973 facsimile
                        jkj@legaljones.com

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                        *s/ Joseph K. Jones*
                        Joseph K. Jones, Esq.

# Exhibit

# A

# NETWORK RECOVERY SERVICES, INC.

P.O. Box 28898
New York, NY 10087-8898

**ACCOUNT IDENTIFICATION**

| | |
|---|---|
| Client Name: | NewYork-Presbyterian/Lower Manhattan |
| Patient Name: | CAROLINE BUCCI |
| Account #: | ███████7 |
| Hospital #: | ███████1 |
| Dates(s) Of Service: | 06/26/21 |
| Balance Due: | $2122.14 |

## DEMAND FOR PAYMENT

Our above referenced client, the creditor of your past due account, has referred your past due account to our agency for collection. Your account is listed as delinquent with a balance due in the amount of $2122.14. It is important that you make payment in full.

**If your account has already been paid, please provide us with proof of payment. Please send a copy of your cancelled check, money order receipt, payment receipt or copy of the explanation of benefits provided by your insurance carrier to the address at the top of this letter.**

If your account has not been paid you may send your check or money order or pay by using one of the Credit Cards indicated below. If you have (had) valid insurance for the dates of service that you believe covers these charges, please complete the insurance information section on the reverse side of the return portion of this notice. Please detach the bottom portion of this notice and forward it with your payment or correspondence in the envelope provided.

Although we have requested that you make payment, or provide proof of payment if payment has been made, you still have a right to obtain more information about this debt or dispute this debt, either orally by calling your Account Representative at 516-240-6607, or by writing to Network Recovery Services, Inc at the address listed on the top of this letter. **YOUR RIGHTS ARE DESCRIBED ON THE REVERSE SIDE OF THIS NOTICE.**

**IF YOU ARE EXPERIENCING FINANCIAL HARDSHIP AND ARE UNABLE TO PAY THIS BILL, FINANCIAL AID MAY BE AVAILABLE IF YOU QUALIFY. PLEASE CONTACT US TO OBTAIN INFORMATION ABOUT FINANCIAL AID AND HOW TO APPLY FOR IT.**

Sincerely,

KAREN GEORGES
Account Representative
516-240-6607

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

IONNREC01500

***Detach and Return with Payment or Correspondence***

ONNREC01
PO Box 1280
Oaks PA 19456-1281
ADDRESS SERVICE REQUESTED

| | |
|---|---|
| Client Name: | NewYork-Presbyterian/Lower Manhattan |
| Patient Name: | CAROLINE BUCCI |
| Account #: | ███████7 |
| Hospital #: | ███████ |
| Dates(s) Of Service: | 06/26/21 |
| Balance Due: | $2122.14 |

**NETWORK RECOVERY SERVICES INC**
P.O. Box 28898
New York, NY 10087-8898

November 19, 2021

500      148218085

CAROLINE BUCCI

████████████

| | IF PAYING BY CREDIT CARD, FILL OUT BELOW | |
|---|---|---|
| ☐ VISA | CARD NUMBER | |
| ☐ MasterCard | | |
| ☐ DISCOVER | CARD HOLDER NAME | EXP. DATE |
| ☐ AMERICAN EXPRESS | SIGNATURE | AMOUNT AUTHORIZED |
| Cards | | |

1 of 1

If you do not dispute the validity of the debt, or any portion thereof, either orally or in writing, within thirty days after you receive this notice we will assume this to be a valid debt owed by you.

If you notify us in writing within thirty days after you receive this notice that the debt, or any portion thereof, is disputed, we will obtain verification of this debt or a copy of a judgment and mail a copy of such verification or judgment to you.

In the event the name and address of the current creditor is different from the original creditor, and you, within thirty days after you receive this notice, request in writing the name and address of the original creditor, we will supply this information to you.

If you intend to submit your dispute via mail, please send to:

NETWORK RECOVERY SERVICES, INC.
P.O. Box 28898
NEW YORK, NY 10087-8898

## INSURANCE INFORMATION

| PATIENT'S NAME | | DATE OF BIRTH | SOCIAL SECURITY NUMBER | |
|---|---|---|---|---|
| BLUE CROSS/BLUE SHIELD ID NO. | | SUFFIX | YOUR TELEPHONE NUMBER | |
| INSURANCE COMPANY NAME & ADDRESS (INCLUDE SIGNED CLAIM FORM) | | | | |
| POLICY NUMBER | POLICYHOLDER'S NAME | | RELATION TO PATIENT | POLICYHOLDER'S DATE OF BIRTH |
| NAME, ADDRESS AND TELEPHONE NUMBER OF INSURED'S EMPLOYER | | | | |
| MEDICAID ID NUMBER | | MEDICARE ID NUMBER | SUFFIX | |